Joseph P. Carson, Plaintiff, *v.* The New York Terminal Express Company, Appellant; Daniel D. Mangam and Others, Respondents.

*Insolvent foreign corporation — receiver — actions against the corporation enjoined*

In an action against an insolvent New Jersey corporation, doing business in New York, in which a receiver had been appointed ancillary to an appointment in New Jersey, an injunction was granted restraining all persons from prosecuting any suit against the defendant corporation or in any manner interfering with its assets, until the further order of the court. A creditor of the corporation obtained a modification of this injunction, allowing him to perfect his judgment in a pending action against the corporation and to take such action thereunder as might be allowed by law

*Held,* that this modification of the injunction was improvidently granted — there being nothing in the papers to show either any propriety in allowing the creditor in question to perfect his judgment in preference to other creditors, or that any proceeding under such judgment could be taken by the creditor which would be of any avail to him after the appointment of the receiver.

Appeal by the defendant, The New York Terminal Express Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 13th day of October, 1893, modifying an injunction order theretofore granted, so as to allow Daniel D. Mangam and others, composing the firm of D. D. Mangam & Co., to perfect their judgment in an action pending against the defendant, The New York Terminal Express Company, and to take such action thereunder as they may be allowed by law to do.

The defendant, The New York Terminal Express Company, is a corporation created under the laws of the State of New Jersey, and having a business agency in the city of New York.

*C. B. Alexander,* for the appellant.

*F. D. Arthur,* for the respondents.

Per Curiam:

In this action a receiver was appointed of the defendant ancillary to appointment in the State of New Jersey. An order was granted by the Special Term that all persons be enjoined and restrained from

bringing or prosecuting any suit against the defendant, or in any manner interfering with its assets until the further order of the court. A condition was made, of granting this order, that the defendant should not remove from this State any of its property. A motion was made by the respondents, D. D. Mangam & Co., creditors of the defendant, for the vacation of this injunction so far as it affected them, which motion was granted without any reason therefor appearing in the affidavits upon which the respondents moved, except the statement that the defendant was insolvent at the time it bought the goods and merchandise of the respondents, and that the directors of the defendant company knew at the time that it was insolvent.

It is claimed upon the part of the respondents that the questions on this appeal resolve themselves into, *first*, whether the creditors (the Mangams) have any right to perfect their judgment, and, *second*, whether any further proceedings under the judgment are necessary.

There was nothing in the papers upon which this order was granted to show any propriety in allowing these respondents to perfect their judgment in preference to other creditors, and there was nothing whatever in the papers to show that any proceedings under the judgment could be taken by the respondents which would be of any avail to them after the appointment of receivers.

We think, therefore, that the order was improvidently granted and should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.